**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RAVI KADIYALA,<br><br>Plaintiff,<br>v.<br><br>SHELLPOINT MORTGAGE SERVICING, et al.,<br><br>Defendants. | Case No. 25 CV 9363<br><br>Honorable Sunil R. Harjani |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ravi Kadiyala contests the validity of mortgages on his home held by Defendants Shellpoint Mortgage Servicing and Popular Bank. He brings claims for declaratory and equitable relief, asking the Court to declare Defendants'[1] liens unenforceable, to quiet title, and to cancel Shellpoint's mortgage. Shellpoint and Popular Bank move to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendants' motions to dismiss are granted, and Kadiyala's claims are dismissed with prejudice.

**Background**

This case involves two loans on Kadiyala's residential property, located in DuPage County, Illinois. [40] ¶¶ 1, 10.[2] On October 25, 2013, Kadiyala executed a mortgage and promissory note on his property. *Id.* ¶¶ 12–13. Directors Financial Group (DFG) was the note lender, and the Mortgage Electronic Mortgage System (MERS) was the mortgagee, as the nominee for the lender and its successors and assigns. *Id.* ¶¶ 12–13. According to Kadiyala, he paid various loan servicers between 2013 and 2018, but the DuPage County land and property records show no recorded mortgage assignment during that period. *Id.* ¶¶ 18–23. The County records list an assignment from MERS, as the nominee of DFG and its successors and assigns, to Wells Fargo in 2024. *Id.* ¶ 27. Kadiyala alleges that, at this time, DFG lacked good

---

[1] By "Defendants," the Court refers to Shellpoint Mortgage Servicing and Popular Bank. Kadiyala also names Directors Financial Group as a Defendant, but Directors Financial Group has not appeared in this case.

[2] For purposes of evaluating a motion to dismiss, the Court accepts all well-pled allegations of the Complaint as true. *Heredia v. Cap. Mgmt. Servs. L.P.*, 942 F.3d 811, 814 (7th Cir. 2019). The Court refers to the First Amended Complaint, [40], as the operative Complaint.

standing in California. *Id.* ¶ 31. In 2025, Wells Fargo assigned the mortgage to Shellpoint and recorded that transfer in the County records. *Id.* ¶ 35.

On May 2, 2007, Kadiyala executed a home equity line of credit (HELOC) loan on his property, which identified MERS as the mortgagee, as the nominee for the lender and its successors and assigns. *Id.* at 59 & ¶ 41. The County land records show an assignment of that HELOC mortgage from MERS to Popular Bank in June 2025, but there are no other recorded mortgage assignments between 2007 and 2025. *Id.* ¶¶ 44, 48. Shortly after the assignment, Popular Bank initiated a foreclosure proceeding against the property. *Id.* ¶ 45. Popular Bank later voluntarily dismissed the foreclosure action. *Id.* ¶ 50.

## Legal Standard

Defendants move to dismiss under Rule 12(b)(6). "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a motion to dismiss, plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In considering a 12(b)(6) motion, the Court construes the Complaint in the light most favorable to plaintiff, accepts well-pleaded facts as true, and draws all inferences in plaintiff's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016).

## Discussion

Kadiyala brings four claims against Defendants. Count I seeks to declare Shellpoint's mortgage invalid. Count II is an action to quiet title against both Shellpoint and Popular Bank. Count III is for cancellation of instruments against Shellpoint. Count IV asks to declare Popular Bank's HELOC loan interest invalid.[3] Defendants move to dismiss all counts for failure to state a claim.

### I. Declaratory Judgment Against Shellpoint

In Count I, Kadiyala asks the Court to declare Shellpoint's mortgage invalid and unenforceable. Shellpoint responds that Kadiyala, as a third-party, cannot

[3] Kadiyala also asks for quiet title relief against Popular Bank in Count IV. Since that is duplicative of Count II, the Court only examines whether Kadiyala plausibly states a claim for declaratory relief in Count IV.

challenge the validity of the assignment, that he misunderstands the function of MERS, and that this declaratory judgment action is not premised on a live controversy and only seeks an advisory opinion.

A declaratory judgment claim "presupposes the existence of a judicially remediable right and thus cannot be pursued without a predicate right of action." *Alarm Detection Sys., Inc. v. Orland Fire Prot. Dist.*, 929 F.3d 865, 871 n.2 (7th Cir. 2019) (citation omitted). So, Kadiyala needs an underlying cause of action to question Shellpoint's interest. Though he frames his claim differently, Kadiyala essentially challenges the validity of the 2024 and 2025 mortgage assignments. Generally, a third party has no standing to contest a mortgage assignment. *Bank of Am. Nat'l Ass'n v. Bassman FBT, L.L.C.*, 2012 Il App. (2d) 110729, ¶ 15. But a borrower may raise a defense to a mortgage assignment that would render the assignment void. *Id.* ¶ 16.

In the Complaint, Kadiyala speculates that, because he paid various mortgage servicers between 2013 and 2018, the mortgage must have been transferred to different lenders. Since those possible assignments were not recorded, Kadiyala cannot be certain that the 2025 assignment to Shellpoint is valid. But even if Kadiyala is right about unrecorded mortgage transfers, these allegations are insufficient to render Shellpoint's mortgage void. In Illinois, a mortgage lien is still valid even if its assignment goes unrecorded. *Fed. Nat'l Mortg. Ass'n v. Kuipers*, 732 N.E.2d 723, 730 (Ill. App. Ct. 2000); *see Union County v. MERSCORP, Inc.*, 735 F.3d 730, 733–34 (7th Cir. 2013) (Illinois does not require mortgages to be recorded). Therefore, failure to record does not nullify the mortgage, and Kadiyala's claim fails the exception outlined in *Bassman*. Accordingly, he has no standing to challenge the mortgage assignment.

Further, a declaratory judgment action must be premised on a live controversy, like any other claim in federal court. There must be a "substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019) (*quoting MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Kadiyala makes no allegations that he is making mortgage payments to the wrong company, or about any default on his mortgage, a pending foreclosure action, or other imminent threat to his title. Kadiyala claims that Shellpoint is asserting an adverse interest against his property, [40] ¶ 37, but does not dispute that a debt exists. [40] ¶ 56; [59] ¶ 35. Thus, based on the allegations in the Complaint, the Court cannot reasonably infer a sufficiently immediate controversy to justify declaring Shellpoint's mortgage rights.

In response, Kadiyala contends that the 2024 transfer is invalid because MERS only has agency authority to assign mortgages on behalf of the principal, and that the assignment to Wells Fargo fails to identify the real principal. He suspects that DFG must have transferred the note, which prompted the changes in mortgage servicers. He further argues that DFG could not have been the principal in 2024 because it

lacked good standing as a business in California. Based on these allegations, Kadiyala speculates that DFG was not the true principal in 2024, and so MERS had no power to assign the mortgage.

Kadiyala's arguments are unavailing. First, Kadiyala makes no allegations about MERS's limited authority as an agent in the Complaint, and he may not amend his allegations in response to a motion to dismiss. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). Second, Kadiyala attached the original mortgage to his Complaint, and that document specifically names MERS as the mortgagee, without any qualifying language. [40] at 25. Finally, Illinois and federal courts applying Illinois law agree that MERS has the same authority as any other mortgagee. *Mortg. Elec. Registration Sys., Inc. v. Barnes*, 940 N.E.2d 118, 124 (Ill. App. Ct. 2010) (MERS has the authority to act to enforce the mortgage); *U.S. Bank Nat'l Ass'n v. Silver*, 2012 WL 4754944, at *2–3 (N.D. Ill. Oct. 3, 2012) (MERS is a mortgagee under Illinois law). In fact, another federal district court examined identical language[4] in a mortgage and found that it gave MERS the power to assign the mortgage and note. *Ocwen Loan Servicing LLC v. Kroening*, 2011 WL 5130357, at *4 (N.D. Ill. Oct. 28, 2011). Thus, agency principles do not limit MERS's authority to assign the mortgage to Wells Fargo. Kadiyala's arguments about MERS similarly fail to allege a basis to render the assignments void. Shellpoint's motion is granted as to Count I.

## II. Quiet Title

In Count II, Kadiyala seeks to quiet title against the liens held by Shellpoint and Popular Bank. Shellpoint argues that, because mortgage assignments are valid even if unrecorded, they cannot constitute a cloud on the title. Popular Bank contends that Kadiyala fails to plead that his interest is superior and thus fails to state a claim.[5]

An action to quiet title is an equitable proceeding in which a party seeks to remove a cloud on his title to the property. *Cocroft v. HSBC Bank USA, N.A.*, 796 F.3d 680, 689 (7th Cir. 2015) (*citing Hoch v. Boehme*, 2013 IL App (2d) 120664, ¶ 41).

---

[4] Kadiyala's mortgage states:

"Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument." [40] at 27.

[5] Popular Bank also argues that Kadiyala lacks standing to challenge the mortgage assignment because he is a third party, and that the text of the HELOC mortgage empowers MERS to act as the mortgagee. Shellpoint made similar arguments in response to Count I. Since those arguments have been addressed above, the Court does not repeat them here.

"A cloud on title is the semblance of title, either legal or equitable, appearing in some legal form but which is unfounded or which would be inequitable to enforce." *Gambino v. Blvd. Mortg. Corp.*, 922 N.E.2d 380, 410 (Ill. App. Ct. 2009).

Kadiyala again contends that the County records fail to account for the full chain of mortgage assignments, and thus concludes that Shellpoint's and Popular Bank's mortgages may be invalid. Kadiyala alleges that Shellpoint and Popular Bank assert adverse interests against his property based on these specious instruments. As the Court previously discussed, mortgage assignments are still valid even if unrecorded. *Federal Nat'l Mortg. Ass'n*, 732 N.E.2d at 730. Further, a valid property interest does not constitute a cloud on title. *Ill Dist. of Am. Turners, Inc. v. Rieger*, 770 N.E.2d 232, 239 (Ill. App. Ct. 2002). Kadiyala's contentions about the lack of recording, then, cannot possibly give rise to a cloud on title. Though he pleads the "mere speculative possibility" that Defendants' mortgages could somehow be unenforceable, the Court cannot plausibly infer that Shellpoint's or Popular Bank's liens are unfounded and constitute a cloud on title. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020). At best, Kadiyala complains that he lacks information about the mortgage transfers, but that does not cast a cloud sufficient to state a claim to quiet title. *See Ruffin v. Seterus, Inc.*, 2019 WL 1354468, at *4 (N.D. Ill. Mar. 26, 2019) (granting judgment on the pleadings where plaintiff only challenged to whom they owed their mortgage, not that a debt was owed, and the pleadings established a valid assignment). Therefore, Kadiyala fails to state a claim to quiet title, and Count II is dismissed.

## III. Cancellation of Instruments

Count III asks the Court to cancel Shellpoint's mortgage because it allegedly fails to establish a valid and enforceable interest. Cancelling an instrument is an equitable remedy. *See Newton v. Aitken*, 633 N.E.2d 213, 215 (Ill. App. Ct. 1994) (rescission is an equitable remedy that cancels the contract). Though the Complaint does not clearly state the basis for this requested remedy, Kadiyala clarifies that the quiet title claim and this claim "rise or fall with the same present-cloud theory." [59] ¶ 39. As previously examined, Kadiyala has not plausibly alleged that Shellpoint's mortgage is invalid. He must plead a basis for the Court to grant the equitable remedy of cancelling the mortgage. *See Capitol Indem. Corp. v. Stewart Smith Intermediaries, Inc.*, 593 N.E.2d 872, 876 (Ill. App. Ct. 1992) (a complaint that merely alleges an equitable remedy cannot survive a motion to dismiss). For the reasons already stated, Kadiyala has failed to do so here, and the Court dismisses Count III.

## IV. Declaratory Judgment Against Popular Bank

Finally, Kadiyala seeks to declare Popular Bank's mortgage as unenforceable because the 2025 HELOC loan assignment is invalid. Popular Bank argues that Kadiyala's claim only seeks an advisory opinion because the prior foreclosure proceedings have concluded.

Similar to the contentions about Shellpoint's mortgage in Count I, Kadiyala essentially challenges the validity of the HELOC assignment from MERS to Popular Bank. And, like with the declaratory judgment claim against Shellpoint, Kadiyala lacks standing to dispute the validity of the assignment. *Bassman*, 2012 IL App (2d) 110729, ¶ 15.

Further, the Court may only grant declaratory relief with respect to a substantial controversy of sufficient immediacy and reality. *Amling*, 943 F.3d at 377. According to the Complaint, Popular Bank voluntarily dismissed its foreclosure proceeding. Kadiyala makes no allegations of another impending foreclosure, or any facts to suggest future default on the HELOC loan or that Popular Bank has reason to reinstate the foreclosure action. Thus, he again fails to allege a controversy of sufficient immediacy to warrant declaratory relief. *See Bell v. Taylor*, 827 F.3d 699, 711 (7th Cir. 2016) (no actual controversy for declaratory judgment where defendant ceased allegedly infringing on plaintiff's copyright and removed infringing photo from its website). Because Kadiyala lacks standing to challenge the assignment, and because he fails to allege a live controversy, the Court dismisses Count IV.

## Conclusion

For the foregoing reasons, Shellpoint's motion to dismiss [47] and Popular Bank's motion to dismiss [55] are granted. Kadiyala fails to plausibly allege any basis for the equitable and declaratory relief he seeks regarding Shellpoint's and Popular Bank's mortgages on the property.

Kadiyala has now had multiple opportunities to plead his claims, including a chance to replead after the Court identified deficiencies in his first Complaint. [36]. Though Kadiyala argues that his present Complaint remedies the prior defects and plausibly states a claim to relief, the Court dismisses it in full. Where, as here, a plaintiff had multiple opportunities to amend their pleadings, the Court may dismiss the Complaint with prejudice. *See Agnew*, 683 F.3d at 347–48 (affirming dismissal with prejudice after plaintiff had multiple opportunities to amend); *Airborne Beepers & Video, Inc., v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (district court was within its discretion to dismiss third amended complaint with prejudice after plaintiff failed to address the shortcomings the court had identified). Additionally, dismissal with prejudice is appropriate because Kadiyala neither requests leave to further amend the pleadings nor proposes how any amendment would cure the deficiencies. *See Cornielsen v. Infinitum Cap. Mgmt., LLC*, 916 F.3d 589, 604 (7th Cir. 2019). Accordingly, the Court dismisses the Amended Complaint with prejudice.

**SO ORDERED.**

Dated: November 15, 2026

Sunil R. Harjani
United States District Judge